UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GHENYA GRANT,

                      Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                                      2:15-cv-4781 (DRH)(AYS)

   - against -

COUNTY OF SUFFOLK, POLICE
OFFICER MATTHEW FRIEDRICH, in his
Individual and Official Capacity, POLICE
OFFICERS "JOHN AND JANE DOES 1-
10," in their Individual and Official
Capacities, POLICE OFFICER ROBERT
MROCZKOWSKI, in his Individual and
Official Capacity, INFINITY DINER,
MANAGER "JOHN DOE" SKALIOTIS, in
his Individual and Official Capacity, and
POLICE OFFICE MICHAEL SWEET, in his
Individual and Official Capacity,

                      Defendants.
----------------------------------------------------------X

**APPEARANCES**

**LAW OFFICES OF FREDERICK K. BREWINGTON**
For Plaintiff
556 Peninsula Boulevard
Hempstead, NY 11550
By:    Frederick K. Brewington, Esq.

**REYNOLDS, CARONIA, GIANELLI & LA PINTA, P.C.**
For Defendants Infinity Diner and "John Doe" Skaliotis
200 Vanderbilt Motor Parkway, Suite C-17
Hauppauge, NY 11788
By:    Michael E. Fehringer, Esq.

**HURLEY, Senior District Judge:**

INTRODUCTION

      Plaintiff Ghenya Grant brought this action against Defendants Suffolk County

("County"), Police Officer Matthew Friedrich, in his individual and official capacity, Police

Officers "John and Jane Does 1-10," in their Individual and Official Capacities, Police Officer Robert Mroczkowski, in his individual and official capacity, and Police Office Michael Sweet in his individual and official capacity (collectively, "County Defendants"), and Infinity Diner and Manager "John Doe" Skaliotis ("Manager") (together with Infinity Diner, "Diner Defendants") pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000a, New York State Civil Rights Law § 40, and Suffolk Human Rights Law § 528-8 for racially discriminatory acts.

Presently before the Court is the Diner Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, that motion is granted.

## BACKGROUND

The Court assumes the parties' familiarity with the facts, which are substantially similar to those discussed in my memorandum and order granting summary judgment in favor of the County Defendants on all but the Suffolk County Human Rights Law claims ("County Defendants Decision"). *See Grant v. County of Suffolk*, 2018 WL 816242 (E.D.N.Y. Feb. 9, 2018). Plaintiff has submitted no new evidence in connection with the instant motion; indeed, Plaintiff's Rule 56.1 Counter Statement of Facts in Dispute appears identical to the one she submitted in opposition to the County Defendants' motion for summary judgment. (Pl.'s R. 56.1 Stmt. [ECF No. 22].)

## DISCUSSION

### I.   Legal Standard for Summary Judgment

Summary judgment pursuant to Rule 56 is appropriate only where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See*

*Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

      To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (*quoting Anderson*, 477 U.S. at 252) (internal quotation marks omitted), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (internal quotation marks omitted), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

      The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary

judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Id*. at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.'" *Id.* at 211 (citing *Matsushita*, 475 U.S. at 587).

**II.     Plaintiff's Claims**

Plaintiff asserts eight claims, six of which are asserted against the Diner Defendants. The first count against the Diner Defendants, also count one in the complaint, is for violations of 42 U.S.C. § 1981 for denying Plaintiff equal treatment, privileges, and immunities in a place of public accommodation as a result of her race/color. (Compl. [ECF No. 1] ¶¶ 61–72.) The second count against the Diner Defendants, count four in the complaint, is for violations of 42 U.S.C § 1985 for conspiring to deny Plaintiff due process and equal protection under the law based on her race and color. (Compl. ¶¶ 83–89.) The third count against the Diner Defendants, count five in the complaint, is for violations of 42 U.S.C § 1986 for intentionally, negligently, and recklessly breaching their duties to prevent the commission of civil rights violations perpetrated against Plaintiff. (Compl. ¶¶ 90–101.) The fourth count against the Diner Defendants, count six in the complaint, is for violations of 42 U.S.C. § 2000(a) for wrongful actions, willful neglect, callous indifference, negligent behavior, and violations of state law that prevented Plaintiff from receiving equal accommodations as provided to similarly situated non-African American customers and from engaging in transactions and business on equal terms as similarly situated non-African American customers. (Compl. ¶¶ 102–107.) The fifth count

against the Diner Defendants, count seven in the complaint, is for violations of New York State Civil Rights Law § 40 for denying Plaintiff equal access to public accommodations made available to similarly situated non-African American customers. (Compl. ¶¶ 108–116.) The sixth count against the Diner Defendants, count eight in the complaint, is for violations of Suffolk County Human Rights Law § 528-8 for denying Plaintiff equal access to public accommodations made available to similarly situated non-African American customers because of the color of her skin, her race, and being of African American descent. (Compl. ¶¶ 117–123.) Plaintiff seeks $2 million in damages, $4 million in punitive damages, declaratory judgment, and attorney's fees. (Compl. ¶¶ 123.)

The Court analyzes each of these claims individually below.

## III.   The Motion for Summary Judgment is Granted

   *A.  42 U.S.C. § 1981*

   42 U.S.C. § 1981 establishes that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a claim under section 1981, a plaintiff must allege (1) that he is a member of a racial minority; (2) an intent by defendant to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *Bentley, Jr. v. Mobil Gas Station*, 599 F. App'x 395, 396 (2d Cir. 2015) (quoting *Milan v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)).

As noted above, I granted summary judgment in favor of County Defendants on the section 1981 claim. The analysis here (and for the following claims) is substantially similar to

the analysis conducted in the County Defendants Decision, even though qualified immunity does not apply to the Diner Defendants as it did to the County Defendants. Based on the reasoning described in the County Defendants Decision, the Court has not found any evidence supporting an inference of race-based discrimination, even with respect to the Diner Defendants. *See Grant*, 2018 WL 816242 at * 7 ("Here, even though Plaintiff's prima facie burden is low, Plaintiff does not provide any evidence that would permit a rational trier of fact to infer race-based discrimination to meet element two of the Section 1981 test.").

As discussed in the County Defendants Decision, a Diner employee seated Plaintiff at a table and the Diner was prepared to serve her until she moved to a different booth from the one she had been seated at and refused to move when asked by Diner staff. *See Grant*, 2018 WL 816242 at **2, 7. Plaintiff's race was never referenced during the interaction until Plaintiff brought it up, and Plaintiff was the only one to reference her race. *See Id.* at **2-3. As noted in the County Defendants Decision, there are "many circumstances where markedly hostile treatment, even in a purportedly service-oriented industry, would raise no inference of racial animus, but rather it would simply be yet another example of the decline of civility." *Grant*, 2018 WL 816242 at *6 (quoting *Lizardo v. Denny's Inc.*, 270 F.3d 94, 102 (2d Cir. 2001) (internal citation omitted)). Thus, as in the previous decision, the Court has not found any evidence supporting an inference of race-based discrimination. The Diner Defendants' motion for summary judgment is therefore granted on the section 1981 claim.

> B.  *42 U.S.C. § 1985*

Section 1985(3) provides in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or

> Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To succeed on a cause of action under § 1985(3), Plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

*Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999); *see also Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586–87 (2d Cir. 1988).

As with her response to the County Defendants' motion, Plaintiff has once again argued that the County Defendants and Diner Defendants conspired to remove Plaintiff and her guest, Ms. Samuel. (Pl.'s Mem. in Opp. [ECF o. 44-23] at 13.) As noted above and in the County Defendants Decision, Plaintiff has failed to show a conspiracy or race-based discrimination. Therefore, the Diner Defendants' motion to for summary judgment as to the section 1985 claim is granted.

C.  42 U.S.C. § 1986

Section 1986 provides in relevant part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]

It is well-established that a violation of § 1986 is predicated on a violation of § 1985, as the former provides a remedy for a violation of the latter. *See, e.g., Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) ("[A] § 1986 claim must be predicated on a valid § 1985 claim . . . ."). As Plaintiff has not sustained her burden to show a violation of section 1985, she has no actionable section 1986 claim. Therefore, the Diner Defendants' motion for summary judgment on the section 1986 claim is granted.

D.  42 U.S.C. § 2000(a)

The Second Circuit has previously indicated that § 2000(a) claims may be analyzed under the same framework as claims under 42 U.S.C. § 1981. *Stone v. New York Public Library*, 2008 WL 1826485, at *3 (S.D.N.Y. Apr. 22, 2008) (citing *Lizardo*, 270 F.3d at 106.) As explained in the analysis above under section 1981, Plaintiff fails to establish a prima facie case of racial discrimination by the Diner Defendants. Therefore, for the same reasons that Plaintiff cannot prevail on her section 1981 claim, she cannot prevail under section 2000(a). Accordingly, the Diner Defendants' motion for summary judgment as to the section 2000(a) claim is granted.

A.  New York State Civil Rights Law § 40

New York State Civil Rights Law § 40 provides in relevant part:

> No person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any [place of public accommodation] shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or directly or indirectly publish, circulate, issue, display, post or mail any written or printed communication, notice or advertisement, to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of race, creed, color or national origin, or that the patronage or custom thereat, of any person belonging to or purporting to be of any particular race, creed, color or national original is unwelcome, objectionable or not acceptable, desired or solicited.

It is well established that the standards governing claims pursuant to section 1981 and the New York Civil Rights Law are identical. *Drayton v. Toys "R" Us Inc.*, 645 F. Supp. 2d 149, 163–64 (S.D.N.Y. 2009) (citing *Joseph v. New York Yankees Pshp.*, No. 00 CV 2275, 2000 WL 1559019, at *6 (S.D.N.Y. Oct. 19, 2000)); *Martin v. J.C. Penney Corp., Inc.*, 28 F. Supp. 3d 153, 158 (E.D.N.Y. 2014).

As discussed above, Plaintiff has not made out a prima facie case for her section 1981 claim. Since the analysis for a section 1981 claim and a New York Civil Rights Law claim are identical, Plaintiff has not made out a prima facie case for this claim. Therefore, the Diner Defendants' motion for summary judgment as to New York Civil Rights Law claim is granted.

    B. *Suffolk County Human Rights Law § 528-8*

Section 528-8 of the Suffolk County Human Rights Law ("SCHRL") prohibits "[u]nlawful discriminatory practices in places of public accommodation, resort or amusement." Defendants contend that SCHRL does not provide a private right of action. (Defs.' Mem. in Supp. [ECF No. 44-10] at 11.) Plaintiff counters that a recent amendment to the SCHRL does in fact allow for a private right of action and that the SCHRL claim should be analyzed under the same framework as the New York Civil Rights Law claim. (Pl.'s Mem. in Opp. at 16.) Although the Court has been unable to locate support for this proposition,[1] Defendant does not oppose analyzing this claim under the same framework as the New York Civil Rights Law claim. Seeing no reason why this claim, which is substantially similar to the other discrimination claims, cannot also be analyzed under the same framework as the New York Civil Rights Law claim, the Court proceeds to follow the same analysis. Thus, for the same reasons discussed

---

[1] The case that Plaintiff cites for the proposition that SCHRL claims are analyzed under the same framework as New York Civil Rights Law claims, *Polito v. Tri-Wire Eng'g Sol. Inc.,* 699 F. Supp. 2d 480, 490-91 (E.D.N.Y. 2010), does not actually address the standard for the SCHRL claim.

above, the Diner Defendants' motion for summary judgment as to the SCHRL claim is granted because Plaintiff has failed to make out a prima facie case of racial discrimination.

## CONCLUSION

For the foregoing reasons, the Diner Defendants' motion for summary judgment is granted.  Because there are no outstanding claims against any parties in this action, the Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

Dated: Central Islip, New York  
      May 27, 2020

                                                   _s/ Denis R. Hurley_  
                                                   Denis R. Hurley  
                                                   United States District Judge